1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND CHARLES BRACKETT, | Case No.  2:22-cv-00858-TLN-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| CHRISTOPHER WRAY, et al., | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| Defendants. | |
| | ECF Nos. 1 & 4 |
| | FOURTEEN-DAY DEADLINE |

Plaintiff Demond Charles Brackett, a county jail inmate temporarily housed in Napa State Hospital, *see* ECF No. 8, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He alleges that Attorney General Merrick Garland, Federal Bureau of Investigation ("FBI") Director Christopher Wray, and two FBI agents have failed to investigate the kidnapping and likely murder of a "young, white male victim" known as "Shawn."  ECF No. 1 at 3.  This claim is not cognizable and the complaint should be dismissed.  I will also grant plaintiff's application to proceed in forma pauperis.  ECF No. 4.

1

**Screening Order**

## I. Screening and Pleading Requirements

A federal court must screen a pro se litigant's complaint. *See* 28 U.S.C. § 1915(e)(2). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(b).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

The complaint is difficult to read, and portions of it defy my best attempts to understand them. The core claim appears to be that defendants have failed to investigate the kidnapping and likely murder of a young man named Shawn. ECF No. 1 at 3. Plaintiff seeks monetary damages for this alleged failure. *Id.* at 6. As best I can tell, however, plaintiff never describes why he has standing to sue for money damages for a harm that will neither befall him or otherwise directly affect his own rights.[1] *See, e.g.*, *Rose v. City of Los Angeles*, 814 F. Supp. 878, 881 (C.D. Cal. 1993) ("[A] § 1983 claim must be based upon a violation of Plaintiff's personal rights, and not the rights of someone else.").

I find that leave to amend would be futile. Plaintiff cannot proceed with this claim because he lacks standing.

It is ORDERED that plaintiff's application to proceed in forma pauperis, ECF No. 4, is GRANTED.

Further, I RECOMMEND that Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend for failure to state a claim.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   July 28, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] I note that plaintiff does briefly mention that he is being assaulted and threatened, but he does not ascribe these actions to defendants. ECF No. 1 at 3. Neither does he describe the specific nature of the threats against him.